IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02493-BNB

CLIFTON RAY OLIVER,

    Plaintiff,

v.

JOHN DOE VALLIE,
JOHN DOE MURPHY,
JOHN DOE WATSON,
JOHN DOE PULLET,
JOHN DOE WHEELER,
JOHN DOE RODRIQUEZ,
JOHN DOE WRITTEMYER, and
JOHN DOE McELROY,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 17 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Clifton Ray Oliver is incarcerated at the McNeil Island Correction Center in Steilacoom, Washington. Mr. Oliver has filed *pro se* a Prisoner Complaint alleging that his constitutional rights were violated while he was incarcerated at a federal prison in Florence, Colorado. The court must construe the complaint liberally because Mr. Oliver is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Oliver will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient. First, although Mr. Oliver mentions some of the Defendants by name in

connection with the claims he asserts, he fails to allege specific facts to demonstrate how each named Defendant personally participated in the alleged violations of his constitutional rights. As a result, it is not clear why Mr. Oliver is suing all of the named Defendants in this action.

Personal participation is an essential allegation in a civil rights action. See **Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Oliver must show that each Defendant caused the deprivation of a federal right. See **Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. See **Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. See **Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Mr. Oliver will be ordered to file an amended complaint to clarify how each Defendant personally participated in the alleged constitutional violations.

Mr. Oliver also must clarify in his amended complaint how he has exhausted administrative remedies for each claim. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular

episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 516, 532 (2002). Furthermore, § 1997e(a) "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Oliver must "either attach copies of administrative proceedings or describe their disposition with specificity." **Id.** at 1211. Section 1997e(a) also imposes a total exhaustion requirement on prisoners. See **Ross v. County of Bernalillo**, 365 F.3d 1181, 1189 (10th Cir. 2004). Therefore, if Mr. Oliver has not exhausted administrative remedies for each claim, the entire complaint must be dismissed.

Mr. Oliver alleges in the complaint that he exhausted administrative remedies. However, he has failed either to attach copies of the grievances to demonstrate exhaustion of administrative remedies or to describe in detail how he exhausted administrative remedies. Accordingly, it is

ORDERED that Mr. Oliver file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Oliver, together with a copy of this order, two copies of the following forms: Prisoner Complaint. It is

3

FURTHER ORDERED that, if Mr. Oliver fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED February 17, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-02493-BNB

Clifton Ray Oliver
Reg. No. 35123-048
PO Box 88100
Steilacoom, WA 98388-1000

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 2/17/06

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk